UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOCKET & FILE

------------------------------------------------------- x

TONY CLANTON,

                    Petitioner,        ORDER

    - against -

                                          Civil Action No.
UNITED STATES OF AMERICA,          09-CV-5509 (KAM)

                    Respondent.

------------------------------------------------------- x

MATSUMOTO, UNITED STATES DISTRICT JUDGE:

    Upon the petition made pursuant to 28 U.S.C. § 2255, dated December 9, 2009, and the letter dated March 31, 2010 from Jeremy Gutman, Esq., it is hereby ORDERED that:

1. Petitioner is advised that by making claims of ineffective assistance of counsel, petitioner implicitly waives the attorney-client privilege as to all communications with his allegedly ineffective attorneys, Jeremy Gutman, Esq. and Marshall Mintz, Esq. See, e.g., Graziose v. United States, No. 03-cv-8109, 2004 WL 102699 (S.D.N.Y. Jan. 21, 2004) (annexed hereto as Exhibit A).

2. Knowing that his claims will result in such waiver, by completing the form annexed hereto as Exhibit B and postmarking same by April 30, 2010, petitioner shall confirm that he understands and agrees that his communications with the above-named counsel are waived and shall advise the court as to whether he still

wishes to proceed with his claims of ineffective assistance of counsel.

3. The Amended Order to Show Cause dated 3/23/10 is stayed pending petitioner's response to this Order.

4. Service of a copy of this Order shall be made by the Clerk of this Court by mailing a copy thereof together with a copy of the annexed Exhibits to *pro se* petitioner and by filing such copies on the Court's Electronic Case Filing system.

Dated: Brooklyn, New York
April 14, 2010

SO ORDERED:

/s/
Kiyo A. Matusmoto
United States District Judge


H
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
Alphonse GRAZIOSE, Petitioner,
v.
UNITED STATES OF AMERICA, Respondent.
No. 03 Civ. 8109(RWS).

Jan. 21, 2004.

*MEMORANDUM OPINION*

SWEET, J.

*1 Petitioner Alphonse Graziose ("Graziose") filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate his guilty plea. Graziose claims that because of a previous head injury, he failed to make a voluntary and knowing guilty plea. Graziose further claims that his trial counsel, Randy Scott Zelin ("Zelin"), rendered ineffective assistance by failing to bring Graziose's injury to the attention of the Court during the plea proceeding.

The Government wishes to call Zelin to testify at a hearing on January 16, 2004 concerning his discussions with Graziose. In a letter to the Court dated December 2, 2003, the Government requests an order finding that Graziose has waived his attorney-client privilege. The Court deemed the letter to be a motion returnable on December 17, 2003. No opposition has been received from Graziose.

The attorney-client privilege cannot be used as both "a shield and a sword." *United States v. Bilzerian,* 1285, 1292 (2d Cir.1991). The privilege "may implicitly be waived when a defendant asserts a claim that in fairness requires examination of protected communications." *Id.* When a convicted defendant raises an argument that his counsel was ineffective and bases that contention on privileged communications with his attorney, the attorney-client privilege is waived as to the contents of those discussions. *See Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir.2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir.1974) ("[w]hen a client calls into public question the competence of his attorney, the privilege is waived."). Several district courts in this Circuit have also held that the privilege is waived under such circumstances. *See Coluccio v. United States,* 289 F.Supp.2d 303, 304-05 (E.D.N.Y.2003) ("a client is not free to make allegations of misconduct and incompetence while [the] attorney's lips are sealed.") (quoting *Tasby,* 504 F.2d at 336); *Davila-Bajana v. United States,* No. CR90:929, 2002 WL 1268000, at *1 (E.D.N.Y. Mar. 29, 2002); *United States v. Gallego,* 944 F.Supp. 309, 322 (S.D.N.Y.1996); *United States v. Termullo,* 413 F.Supp. 801, 803 (S.D.N.Y.1976) (Weinfeld, J.).

The Second Circuit "require[s] that 'except in highly unusual circumstances,' the assertedly ineffective attorney should be afforded 'an opportunity to be heard and to present evidence in the form of live testimony, affidavits, or briefs.'" *Bloomer v. United States,* 162 F.3d 187, 194 (2d Cir.1998) (quoting *Sparman v. Edwards,* 154 F.3d 51, 52 (2d Cir.1998)); *see also McKee v. United States,* 167 F.3d 108-09 (2d Cir.1999) (remanding to provide allegedly ineffective lawyer an opportunity to be heard at an evidentiary hearing). Zelin's testimony is important to the determination of Graziose's ineffective assistance of counsel claim, and Zelin should have an opportunity to be heard.

*2 It is held that Graziose has waived his attorney-client privilege as to the contents of communications with Zelin and that Zelin may testify at the January 16 evidentiary hearing.

It is so ordered.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

S.D.N.Y.,2004.
Graziose v. U.S.
Not Reported in F.Supp.2d, 2004 WL 102699 (S.D.N.Y.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x

TONY CLANTON,

                Petitioner,

      - against -                  Civil Action No.
                                09-CV-5509 (KAM)

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------- x

    I, _____, do hereby declare that:

    I know and understand that by filing a claim of ineffective assistance of counsel, I implicitly waive the attorney-client privilege with respect to my communications regarding my defense with my allegedly ineffective attorneys, Jeremy Gutman, Esq. and Marshall Mintz, Esq.

    __ Yes                                          ___ No

    Knowing that my ineffective assistance of counsel claims will result in a waiver of the attorney-client privilege with respect to the above-named counsel, I still wish to proceed with my claims of ineffective assistance of counsel, as set forth in my petition for a writ of habeas corpus made pursuant to 28 U.S.C. Section 2255 and dated December 9, 2009.

    __ Yes                                          ___ No

    I declare (or certify, verify or affirm) under penalty of perjury that the foregoing is true and correct and that this Form was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date)

_____
Signature