```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

TONY CLANTON,

             Petitioner,                    NOT FOR PUBLICATION

     -against-                              ORDER ADOPTING REPORT
                                            AND RECOMMENDATION
UNITED STATES OF AMERICA,
                                            09-CV-5509 (KAM)(JO)
             Respondent.

---------------------------------------X
```

**MATSUMOTO, United States District Judge:**

Pursuant to 28 U.S.C. § 2255, petitioner Tony Clanton ("petitioner") seeks to vacate, set aside, or correct the 18-month sentence he is to begin serving in federal custody for a violation of supervised release ("VOSR") upon completion of his state custodial term. (ECF No. 1, Petitioner's Motion, filed December 9, 2009.) Respondent opposes the motion. (ECF No. 18, The Government's Response in Opposition to Petitioner's Motion Pursuant to 28 U.S.C. Section 2255 ("Govt. Mem.").) Magistrate Judge James Orenstein has issued a Report and Recommendation ("R&R") recommending that petitioner's motion be denied in its entirety. (ECF No. 23, R&R dated August 1, 2011.) Petitioner timely objected to the R&R. (*See* ECF No. 25, Objection to Report and Recommendation, dated Aug. 9, 2011 ("Pet. Obj.").) Having undertaken a *de novo* review of the record in light of the petitioner's written objections pursuant to 28 U.S.C. § 636(b)(1)(C), the court incorporates the R&R by reference and

adopts it in its entirety.

## STANDARD OF REVIEW

To the extent that a party makes specific and timely objections to a magistrate's findings, the court must apply a *de novo* standard of review. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); 28 U.S.C. § 636(b)(1)(C). Upon such *de novo* review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This standard of review must be applied while remaining cognizant of the court's obligation to construe a *pro se* litigant's submissions liberally and to interpret them to raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## DISCUSSION

The facts and procedural history in this matter are set forth in detail in Magistrate Judge Orenstein's R&R. In light of petitioner's timely objections, the court has undertaken a *de novo* review of the full record including the applicable law, the transcript of petitioner's sentencing on the instant VOSR charges before Judge Korman on July 11, 2008, the underlying record, the parties' submissions on the instant motions, the affidavits of petitioner's trial and appellate

2

counsel, the R&R, and petitioner's objections to the R&R, to which the government did not respond. See 28 U.S.C. § 636(b)(1)(C).

Petitioner poses eight objections to the R&R, each of which the court will address in turn. First, petitioner objects to the R&R's determination that he declined a hearing after stipulating that his two state court convictions provided a basis for the court to find by a preponderance of the evidence that he had violated supervised release. Petitioner states that he "never agreed to the stipulation," entered by the parties at the VOSR hearing on July 11, 2008 ("VOSR"). (Pet. Obj. at 1.) Petitioner cites his attorney's statement that "it might be a technicality" as support that he did not intend to so stipulate. (Pet. Obj. at 1; see also Transcript of VOSR Hearing, dated July 11, 2008 ("Tr.") at 5.)

Petitioner's first objection is without merit. At the July 11, 2008 VOSR hearing, defense counsel, in the presence of his client, stated that "we are prepared to stipulate that . . . a judgment has been entered in state court and that that provides a basis for the Court to make a finding by a preponderance of the evidence that he has . . . violated his supervised release. I think based on that we would be prepared to have the Court make a finding and proceed to sentencing determination on that." (Tr. at 3.) The court

3

asked petitioner whether he understood that if he "didn't stipulate to the fact that [he] violated the conditions of [his] release by virtue of this conviction in state court [he] would be entitled to a full-blown hearing," to which petitioner responded "Yes." (Tr. at 4.) Petitioner's counsel Jeremy Gutman, Esq. ("Gutman") affirmed that he had advised his client "that the government would be able to satisfy its burden of proof at a [VOSR] hearing by doing nothing more than offering into evidence Mr. Clanton's own plea allocution . . . that, in [his] view, there was no longer any point in insisting on a hearing, and that [they] had little choice but to accept a finding that he had violated the terms of his supervised release, and to argue for as lenient a sentence as possible." (ECF No. 12, Affirmation of Jeremy Gutman, Esq. dated June 4, 2010 ("Gutman Aff."), at ¶ 13.) Gutman affirmed that his client agreed with his advice to waive the hearing. (*Id.*) Any "technicality" that the petitioner refers to appears to be a disagreement between the court and Gutman regarding how to characterize the judgment entered by the state court upon petitioner's guilty plea. On the record before the court, however, there is no dispute that petitioner agreed to stipulate to the VOSR and forgo the hearing. Accordingly, petitioner's first objection is overruled.

Second, petitioner objects to the R&R and argues that

he was going to receive "24 months for the Violation and an additional 24 months for the perjury charge . . . ." (Pet. Obj. at 1.) Petitioner points to the VOSR hearing at which he asked "Can I say something? I mean, can I speak, please?" (Tr. at 25) as evidence that he was "trying to plead his case and then was stopped and coerced by attorney." (Pet. Obj. at 1.) Thereafter, the court advised petitioner that he "can speak, but [he] has a lawyer there" (Tr. at 25), to which petitioner responded "All right" (*id.*). For the reasons set forth in Judge Orenstein's well-reasoned R&R, the court agrees and adopts the finding that Gutman did not provide ineffective assistance of counsel to petitioner, and his advice to petitioner not to speak at the VOSR hearing was a strategic decision which does not constitute ineffective assistance of counsel.

Third, petitioner argues that Gutman told him that "[he] was going to get a much Higher sentence if [he went] to the hearing." (Pet. Obj. at 1.) The court adopts Judge Orenstein's reasoned finding that requesting a hearing would not necessarily have resulted in a more favorable outcome for petitioner because the court already gave petitioner a sentence at the low end of the guidelines range. (*See* R&R at 5.)

Fourth, petitioner argues that "[p]rejudice was shown because had counsel told the Courts that [he] was not willing

5

to accept his concession Petitioner would of [sic] been appointed new counsel." (Pet. Obj. at 1.) As Judge Orenstein detailed in the R&R, there is no evidence that the outcome for petitioner would have been any different, let alone better, had he had another attorney. (R&R at 4-6.) The court adopts Judge Orenstein's analysis as the opinion of the court, and petitioner's fourth objection is denied.

Fifth, petitioner states that he has an "active appeal that will go in his favor that will Suppress all of the illegal evidence that was planted In Petitioners Home from Detective Corruption that will come to light real soon." (Pet. Obj. at 1.) Petitioner, however, has not provided any evidence to the court of the motion he references or even cited to the relevant documents in his objection to the R&R. On this record, the court cannot say what effect, if any, such a motion, if it exists, would have on petitioner's claims, and petitioner's objection is accordingly overruled.

Sixth, petitioner argues that his appellate counsel failed to file a *pro se* appellate brief on his behalf. (Pet. Obj. at 1.) Specifically, petitioner points to a letter he sent this court on June 7, 2010, in which he states that he "was being moved from 4 different facilities in the state and was unable to file a supplemental brief and I requested this attorney to file and which he stated 'He Forgot'! I also had

6

documents mailed to him that he rejected the delivery!" (ECF No. 14, Letter from petitioner to Judge Matsumoto, filed June 7, 2010.) Petitioner's statement, however, provides no details as to when he asked appellate counsel to file the pro se brief, nor does petitioner provide the court with a copy of the materials he sent to appellate counsel, nor is petitioner's statement to the court, two years after the sentencing on the VOSR, sworn under penalty of perjury. On the other hand, appellate counsel Marshall A. Mintz, Esq. ("Mintz") affirms that he informed petitioner of his right to request new counsel or respond to his *Anders* brief. (ECF No. 9, Declaration of Marshall A. Mintz dated May 25, 2010, at ¶ 16.) Mintz further affirmed that "at no point after [he] filed the *Anders* brief did Mr. Clanton indicate that he actually intended to file a *pro se* submission." (*Id.* at ¶ 19.) Under *de novo* review of these facts, the court finds that appellate counsel did not provide ineffective assistance of counsel, adopts Magistrate Judge Orenstein's reasoning and finds petitioner's objection without merit.

Seventh, plaintiff argues that prejudice has been shown because he could have "plead guilty to the first violation and the most time that [he] could have been sentenced too [sic] is 15 months." (Pet Obj. at 2.) Plaintiff provides no authority for this argument. Moreover, for the reasons set

7

forth in Magistrate Judge Orenstein's R&R and as discussed above, there is no evidence that petitioner would have received a more favorable sentence had he been represented by a different attorney who might have advised him differently. Accordingly, petitioner's seventh objection is overruled.

Eighth, petitioner points out that Magistrate Judge Orenstein found that respondent failed to address petitioner's argument regarding credit for time previously served. (Pet. Obj. at 2.) Magistrate Judge Orenstein did, indeed, note that the respondent did not trouble itself to respond to petitioner's argument on this point. (R&R at 8.) However, Magistrate Judge Orenstein nevertheless considered the merits of petitioner's argument and found that his argument for credit for time previously served was premature until such time that the federal Bureau of Prisons receives petitioner into custody, determines whether he will receive credit for time served, and until petitioner exhausts his administrative remedies. (R&R at 8-9.) Upon *de novo* review of the relevant legal authority, the court agrees with Magistrate Judge Orenstein's analysis and adopts his R&R as the opinion of the court. Accordingly, petitioner's eighth objection is overruled.

## CONCLUSION

For the reasons set forth above, Magistrate Judge Orenstein's well-reasoned and thorough Report and

Recommendation is incorporated by reference and adopted in its entirely and petitioner's objections are denied. The Clerk of Court is respectfully requested to enter judgment in favor of respondents, dismiss the petition and close this case. Respondents shall serve a copy of this Order on petitioner and file a declaration of service on ECF by September 16, 2011.

**SO ORDERED.**

Dated:   September 14, 2011
         Brooklyn, New York

                                            _____  __  /s/_____
                                            KIYO A. MATSUMOTO
                                            United States District Judge
                                            Eastern District of New York

9